UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

DEC 6 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 5:22-CR-50 |
| | Violations: 18 U.S.C. § 1001(a)(2) |
| DAVID ROBERT BOYD, | 18 U.S.C. § 1343 |
| Defendant. | |

# INDICTMENT

The Grand Jury charges that:

INTRODUCTION

At all times relevant to this Indictment:

The COVID-19 Pandemic and the CARES Act

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted on or about March 2020, designed to provide emergency financial assistance to the millions who were suffering the economic effects caused by the COVID-19 pandemic.

2. Among other relief efforts, the United States sought to provide financial support to eligible businesses that could be used to offset certain business expenses.

3. The Small Business Association ("SBA") is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The SBA is headquartered in Washington, D.C. and maintains its computer servers outside of the State of West Virginia. The SBA's mission was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities

1

after disasters.

4.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

## The Paycheck Protection Program

5.     One of the loans created by the CARES Act was the Paycheck Protection Program ("PPP") loan. This program provided loans to small businesses for job retention and certain other expenses.

6.     To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. One requirement is that the business had to be in operation as of February 15, 2020. In the PPP loan applications, the small business (through its authorized representative) had to state, among other things, its average monthly payroll expenses and number of employees. These figures were then used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, a business applying for a PPP loan had to provide documentation showing its payroll expenses.

7.     A PPP loan application must be processed by a participating lender, such as a financial institution. If a PPP loan is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

8.     The PPP loan proceeds must be used by the business on certain permissible expenses including payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal of the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense

items within a designated period of time and uses a certain percentage of the PPP loan proceeds on payroll expenses.

9. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Oregon. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

## COUNT ONE

(Wire Fraud)

10. Paragraphs 1 through 9 are hereby realleged as if fully set forth herein.

11. Beginning in or about March 2021 and continuing until in or about June 2021, defendant **DAVID BOYD** knowingly devised, intended to devise, and participated in a scheme to defraud the United States by submitting fraudulent PPP applications containing false representations.

12. It was part of the scheme that **DAVID BOYD** submitted a PPP application for his purported business, "Seafood Hut" located at 25 Coventry Lane, New Cumberland, WV. The application submitted by **DAVID BOYD** included false representations designed to obtain a fraudulent loan, ultimately from the SBA.

13. It was part of the scheme to defraud that **DAVID BOYD** submitted and caused to be submitted false and fraudulent documents, including SBA form 2483 PPP Loan Application to Capital Plus Financial, LLC to obtain a $20,832.00 loan in the name of Seafood Hut. It was part of the scheme to defraud that **DAVID BOYD** signed and transmitted a signed copy of the Promissory Note for the PPP loan to Seafood Hut.

14. As a result of **DAVID BOYD** signing the promissory note, Capital Plus Financial, LLC deposited $20,832.00 into **DAVID BOYD**'s Chase Bank Account on April 14, 2021

15. As a result of **DAVID BOYD**'s scheme, the United States was defrauded out of a total

of $20,832.00 **DAVID BOYD** used the proceeds of his fraud to his own personal benefit, paying for his own personal expenses.

16. On or about April 4, 2021, for the purpose of executing and attempting to execute, the scheme to defraud, **DAVID BOYD** did knowingly transmit or cause to be transmitted by means of a wire communication in interstate commerce, a writing sign signal, picture and sound: an internet transmission originating from Hancock County, West Virginia to the SBA Server in Oregon constituting a false and fraudulent Promissory Note for a PPP loan for "Seafood Hut," in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

(False Statement to Federal Agent)

On or about November 14, 2022, in Ohio County, in the Northern District of West Virginia, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant **DAVID BOYD** did knowingly and willfully make a materially false, fictitious, fraudulent statement and representation, that is the **DAVID BOYD** told a Federal Bureau of Investigation Special Agent he was the victim of identity theft and that someone had taken his identify to submit PPP loan applications when, as **DAVID BOYD** then and there knew, he had submitted the PPP loan application himself and received the PPP loan deposits; in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

Wire Fraud

1.  Pursuant to Title 28, United States Code, Sections 2461(c), Title 18 United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), AND 1961(1), and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate such offense, including a money judgment in the amount of at least $20,832.00

2.  Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/
Foreperson

/s/
WILLIAM IHLENFELD
United States Attorney

Jennifer T. Conklin
Assistant U.S. Attorney